UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE ISOLAGEN, INC.<br>SECURITIES & DERIVATIVE<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>    No. 2:05-cv-04983-RB and<br>    Consolidated Class Actions | MDL NO. 1741 |

### LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Court-appointed Lead Plaintiffs, Context Capital Management, LLC, Silverback Asset Management, LLC, Silverback Master Ltd., Silverback Life Sciences Master Fund, Ltd. and Michael McNulty (together "Lead Plaintiffs"), respectfully move the Court for an Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, certifying them as the representatives of a class (the "Class") consisting of all persons or entities who purchased or otherwise acquired the publicly traded securities of Isolagen, Inc. ("Isolagen" or the "Company") during the period from March 3, 2004 through and including August 9, 2005 (the "Class Period") and who were injured thereby. Excluded from the class are the defendants,[1] employees of the defendants and their immediate families. Additionally, Lead Plaintiffs seek to be appointed as representatives of the Class.

This is a securities action that clearly satisfies all of the Rule 23 prerequisites for certification of a class. Specifically, the Class is sufficiently numerous to make joinder impracticable, there are

---

[1] Defendants include Isolagen, Inc.. Frank L. DeLape, Michael Macaluso, Michael Avignon, Jeffrey W. Tomz, Robert J. Bitterman, Olga Marko, Martin E. Schmieg, William K. Boss, Jr., Steven Morrell, Henry Y.L. Toh, Ralph V. De Martino, Marshall G. Webb, CIBC World Markets Corp., Legg Mason Wood Walker, Inc., Legg Mason, Inc., Citigroup, Inc., Citigroup Global Markets, Inc. (a subsidiary of Citigroup, Inc.), Canaccord Adams, Inc., and UBS Securities LLC.

questions of law and fact common to the Class, the claims of Lead Plaintiffs are typical of the Class, and Lead Plaintiffs will fairly and adequately protect the interests of the Class. Fed. R. Civ. P. 23(a). In addition, the questions of law and fact common to the Class predominate over any issues affecting individual Class members and the class action procedure is the superior method of resolving the claims and defenses in this action. Fed. R. Civ. P. 23(b)(3).

A memorandum of law in support of this motion, a proposed order, and the Declaration of Pamela E. Kulsrud, dated February 4, 2008, are filed contemporaneously herewith.

Dated: February 4, 2008                                         Respectfully submitted

| | |
|---|---|
| BERNSTEIN LITOWITZ BERGER<br>& GROSSMANN LLP<br>Steven B. Singer  (*pro hac vice*)<br>Jeremy P. Robinson<br>1285 Avenue of the Americas, 38th Floor<br>New York, New York 10019<br>Tel: (212) 554-1400 | KIRBY MCINERNEY LLP<br><br>By:   /s/ Ira M. Press<br>        Ira M. Press (*pro hac vice*)<br>        Pamela E. Kulsrud (*pro hac vice*)<br>830 Third Avenue, 10th Floor<br>New York, New York 10022<br>Tel.: (212) 371-6600 |
| BARRACK, RODOS & BACINE<br>Jeffrey W. Golan<br>3300 Two Commerce Square<br>2001 Market Street<br>Philadelphia, Pennsylvania 19103<br>Tel.: (215) 963-0600 | MARVIN & HENKIN<br>Peter F. Marvin<br>8327 Germantown Avenue<br>Philadelphia, Pennsylvania 19118<br>Tel.: (215) 248-5201 |