UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE ISOLAGEN, INC. SECURITIES AND DERIVATIVE LITIGATION<br><br>This Document Relates To: Civil Action No. 05-cv-04983-RB and Consolidated Class Actions | MDL No. 2:06-md-01741 |

## ▮▮▮▮▮▮▮ ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending before the Court entitled *In re Isolagen, Inc. Securities and Derivative Litigation*, MDL No.: 2-06-md-01741 (the "Litigation"); and

WHEREAS, the Court has received the Stipulation of Settlement dated as of October 23, 2008 (the "Stipulation"), that has been entered into by the Lead Plaintiffs, Settling Defendants Isolagen, Inc. ("Isolagen" or the "Company"), Frank L. DeLape, Michael Macaluso, Michael Avignon, Jeffrey W. Tomz, Robert J. Bitterman, Olga Marko, Martin E. Schmieg, William K. Boss, Jr., Steven Morrell, Henry Y.L. Toh, Ralph V. DeMartino and Marshall G. Webb (collectively, the "Settling Parties"), and the Underwriter Defendants and the Court has reviewed the Stipulation and its attached exhibits; and

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation, which, together with the exhibits attached thereto sets forth the terms and conditions for the proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice against the Settling Defendants and the Underwriter Defendants upon

the terms and conditions set forth therein and the Court having read and considered the Stipulation and the exhibits attached thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to the further consideration at the Fairness Hearing referred to in paragraph 4, below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Class consisting of: all Persons or entities who purchased or otherwise acquired Isolagen common stock or 3.5% Convertible Subordinated Notes due November 1, 2024 during the period from March 3, 2004 to August 9, 2005, inclusive, and who sustained a loss as result of said acquisition(s). Excluded from the Settlement Class are Isolagen, the Individual Defendants, members of the immediate families of the Individual Defendants, the Underwriters, any entity in which any defendant has or had a controlling interest, directors and officers of Isolagen during the Class Period, the directors and officers of or partners in any of the Underwriters during the Class Period, and the legal representatives, heirs, successors, or assigns of any such excluded person. Also excluded from the Settlement Class are those Persons or entities who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") to be sent to the Settlement Class.

3. With respect to the Settlement Class, this Court preliminary certifies the Lead Plaintiffs as Class Representatives, certifies Lead Counsel as Class Counsel, and finds and concludes that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent; (d) the Lead Plaintiffs and Plaintiffs' Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to all other available methods for fairly and efficiently adjudicating the Litigation.

4. A hearing (the "Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on *MARCH 24* 200*9* at *4:00*, *p*.m., in Courtroom 14-A, United States District Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and in the best interest of the Settlement Class and should be finally approved by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure; (b) determine whether a Final Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered herein; (c) determine whether the proposed Plan of Allocation for the proceeds of the Settlement should be approved as fair and reasonable; (d) to consider Plaintiffs' Lead Counsel's application for an award of Attorneys' Fees and Expenses; and (e) to rule upon such other matters as the

Court may deem appropriate. The Court may adjourn the Fairness Hearing without further notice to the Settlement Class.

5. The Court reserves the right to approve the Settlement and the proposed Plan of Allocation with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

6. The Court approves as to form and content, the Notice, the Proof of Claim and Release, and the Summary Notice attached as Exhibits A-1, A-2, and A-3 to the Stipulation, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 9-10 of this Order meet the requirements of the Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. The Court approves Plaintiffs' Lead Counsel's selection of Valley National Bank as Escrow Agent for the Settlement pursuant to the terms of the Stipulation.

8. The Court approves Plaintiffs' Lead Counsel's selection of The Garden City Group, Inc. as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms attached as Exhibits A-1 and A-2 to the Stipulation, to be mailed, by

4

first-class mail, postage prepaid, on or before thirty (30) business days after entry of this Order (the "Notice Date") to all Settlement Class Members who can be identified with reasonable effort. The Settling Defendants shall cause Isolagen's transfer records and shareholder information, or such other information or lists that contain the names and last-known addresses of each Settlement Class Member, who Isolagen can identify through reasonable effort, to be made available in electronic form to the Claims Administrator, at no cost to the Settlement Class, no later than ten (10) calendar days following entry of this Order for the purpose of identifying and giving notice to the Settlement Class. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased Isolagen Securities during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) days of their receipt of the Notice, (a) to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners; or (b) to request additional copies of the Notice and Proof of Claim from the Claims Administrator and within seven (7) days of receipt of the copies of the Notices and Proof of Claim forms from the Claims Administrator to mail the Notice and Proof of Claim to the beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation demonstrating that the Notice was

disseminated in accordance with the provisions of this Order, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners.

10. Not later than ten (10) business days after the Notice Date, Plaintiffs' Lead Counsel shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily*.

11. At least seven (7) calendar days prior the Fairness Hearing, Plaintiffs' Lead Counsel shall cause to be served on Settling Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

12. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim and Release (the "Proof of Claim"), substantially in the form attached as Exhibit A-2 to the Stipulation, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than one hundred twenty (120) calendar days after the Notice Date. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

13. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

14. Settlement Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail the request in written form by first-class mail

postmarked no later than twenty-one (21) days prior to the date set herein for the Fairness Hearing to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the Person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the *In re Isolagen, Inc. Securities and Derivative Litigation*, and must be signed by such Person. Such Persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares and/or face value of Convertible Notes for all purchases, and sales of Isolagen Securities during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

15. Settlement Class Members who request to be and are excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16. Any Settlement Class Member who does not timely and validly request exclusion from the Class shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable and regardless of whether such Settlement Class Member submits a Proof of Claim.

17. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application by Plaintiffs' Lead Counsel for an award of Attorneys' Fees and Expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, and copies of all such papers are served, on or before twenty-one (21)

calendar days before the date set herein for the Fairness Hearing, upon each of the following counsel:

| **Plaintiffs' Lead Counsel:** | **Attorneys' for Settling Defendants:** |
|---|---|
| Steven B. Singer, Esq.<br>BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP<br>1285 Avenue of the Americas, 38th Floor<br>New York, New York 10019 | Joseph N. Sacca, Esq.<br>SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>Four Times Square<br>New York, New York 10036 |
| Ira M. Press, Esq.<br>KIRBY McINERNEY LLP<br>825 Third Avenue, 16th Floor<br>New York, New York 10022 | Thomas J. McCormack<br>CHADBOURNE & PARKE LLP<br>30 Rockefeller Plaza<br>New York, New York 10112 |
| | Joseph M. Donley<br>THORP REED & ARMSTRONG, LLP<br>One Commerce Square 2005 Market Street<br>Suite 1910<br>Philadelphia, Pennsylvania 19103 |
| | **Attorneys for the Underwriter Defendants:** |
| | David M. Brodsky, Esq.<br>LATHAM & WATKINS LLP<br>885 Third Avenue<br>New York, New York 10022 |

Any such written notice of objection must include (a) a detailed statement of such person's specific objections to any matter before the Court; (b) documents sufficient to show the date(s), price(s), and number(s) of shares and/or face value of Convertible Notes for all purchases and sales of Isolagen Securities during the Class Period; and (c) the grounds for such objections, as well as all documents and writings which such Person desires the Court to consider.

18. Attendance at the hearing is not necessary; however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or Plaintiffs' Lead Counsel's request for Attorneys' Fees and Expenses are required to indicate in their written objection their intention to appear at the Fairness Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or Plaintiffs' Lead Counsel's application for an award of Attorneys' Fees and Expenses and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing. Settlement Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.

19. Any Settlement Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Lead Counsel.

20. Any Settlement Class Member who does not make his, her, or its objection to the Settlement and/or the Plan of Allocation and/or Plaintiffs' Lead Counsel's application for an award of Attorneys' Fees and Expenses in the manner provided for herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, the Judgment to be entered approving the Settlement, the proposed Plan of Allocation, or the award of Attorneys' Fees and Expenses, and shall be bound by all the terms and provisions of the Stipulation, and by all proceedings, orders, and judgments in the Litigation.

21.  Plaintiffs' Lead Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation and their application for Attorneys' Fees and Expenses by no later than seven (7) calendar days before the date set herein for Fairness Hearing.

22.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and further order(s) of the Court.

23.  At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Lead Counsel, and any application for Attorneys' Fees and Expenses shall be approved.

24.  Pending final determination of whether the Settlement shall be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and any of their respective representatives, trustees, predecessors, successors, parents, subsidiaries, divisions, heirs, and assigns are barred from commencing or prosecuting any action or proceeding asserting directly or indirectly any of the Released Claims against any Released Parties. All pretrial proceedings in the Litigation relating to the claims against the Settling Defendants are stayed and suspended until further order of the Court.

25.  Plaintiffs' Lead Counsel or their agents are authorized and directed to prepare any tax returns required to be filed on behalf of or in respect of the Settlement Fund and to cause any Taxes due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

11

26. As provided in the Stipulation, Plaintiffs' Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund without further order of the Court.

27. If the Stipulation is not approved by the Court, or is terminated by the Settling Defendants or Plaintiffs in accordance with ¶ 8.3 or ¶ 8.4 of the Stipulation or shall not become effective for any reason whatsoever, this Litigation shall proceed, completely without prejudice to any Settling Party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court (except as provided in the Stipulation), and neither the Stipulation nor any provision contained in the Stipulation nor any action undertaken pursuant thereto nor the negotiation thereof by any Settling Party shall be deemed a presumption, concession or admission by any Settling Defendant of any fault, liability, or wrongdoing as to the facts or claims alleged or asserted in the Litigation, or any other actions or proceedings, and shall not be offered or received in evidence or otherwise used by any person in the Litigation or interpreted, construed, deemed, invoked in any other action or proceeding, whether civil, criminal, or administrative and each party shall be restored to his, her, or its respective position as it existed as of June 5, 2008.

28. The Court hereby retains jurisdiction to consider all further matters arising out of or connected with the proposed Settlement.

Dated: _November 12, 2008_   ENTERED:

_____
HON. RONALD L. BUCKWALTER, U.S.D.J.

#319676.10