

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE ISOLAGEN, INC. SECURITIES AND DERIVATIVE LITIGATION<br><br>This Document Relates To: Civil Action No. 05-cv-04983-RB and Consolidated Class Actions | MDL No. 2:06-md-01741 |

## **FINAL JUDGMENT**

This matter came before the Court for hearing pursuant to the Order of this Court dated November 12, 2008 (the "Preliminary Approval Order"), on the parties' application for (a) approval of the Settlement set forth in the Stipulation of Settlement dated as of October 23, 2008 (the "Stipulation"); (b) entry of a judgment dismissing the Complaint on the merits and with prejudice in favor of the Settling Defendants and the Underwriter Defendants and as against all persons and entities who are members of the Settlement Class herein who have not requested exclusion therefrom; and (c) approval of the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class. Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceeding had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all initial capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2.	The Court has jurisdiction over the subject matter of the Litigation, the Lead Plaintiffs, the Settlement Class Members, the Settling Defendants, and the Underwriter Defendants.

3.	The Court hereby affirms its findings in the Preliminary Approval Order that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) the claims of Lead Plaintiffs' are typical of the claims of the Settlement Class Members they seek to represent; (d) the Lead Plaintiffs and Plaintiffs' Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to all other available methods for fairly and efficiently adjudicating of the Litigation.

4.	Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its certification of this action as a class action on behalf of: all Persons or entities who purchased or otherwise acquired Isolagen common stock or 3.5% Convertible Subordinated Notes due November 1, 2024 during the period from March 3, 2004 to August 9, 2005, inclusive, and who sustained a loss as result of said acquisition(s). Excluded from the Settlement Class are Isolagen, the Individual Defendants, members of the immediate families of the Individual Defendants, the Underwriters, any entity in which any defendant has or had a controlling interest, directors and officers of Isolagen during the Class Period, the directors and officers of or partners in any of the Underwriters during the Class Period, and the legal representatives, heirs,

successors, or assigns of any such excluded person. No timely and valid requests for exclusion from the Settlement Class were received.

5. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby finally certifies Lead Plaintiffs as Class Representatives, and Plaintiffs' Lead Counsel as Class Counsel.

6. Notice of the pendency of this Litigation as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons and entities entitled thereto.

7. The Settlement is approved as fair, reasonable and adequate and the Settlement Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation as against the defendants.

9. Upon the Effective Date of the Settlement, Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Parties and Settling Defendants' Counsel, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release. Notwithstanding the foregoing, nothing herein is meant to bar any claims relating to the performance or enforcement of the Stipulation or the Settlement.

10. Upon the Effective Date of the Settlement, each of the Released Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released relinquished and discharged each and all of the Lead Plaintiffs, the Settlement Class Members, Plaintiffs' Lead Counsel and each and every of their other attorneys from the Released Parties' Claims. Notwithstanding the foregoing, nothing herein is meant to bar any claims relating to the performance or enforcement of the Stipulation or the Settlement.

11. Upon the Effective Date of the Settlement, the Underwriter Defendants shall release all indemnity, contribution, or other claims they have asserted or could assert against the Settling Defendants, their affiliates, subsidiaries, predecessors, successors, or assigns, and each of their past, present, or future officers and directors, associates, stockholders, controlling persons, representatives, employees, attorneys, accountants, or agents, heirs, executors, trustees, general or limited partnerships, personal representatives, estates, or administrators with respect to the Litigation, including, but not limited to, any right to reimbursement of attorneys' fees and costs incurred in the Litigation.

12. In accordance with 15 U.S.C. § 78u-4(f)(7)(A) and the agreement of the parties, any and all claims for contribution arising out of any Released Claim: (i) by any person or entity

against any of the Released Parties, and (ii) by any of the Released Parties against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (i) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any claim for contribution, and (ii) the Released Parties are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any claim for contribution. In accordance with 15 U.S.C. § 78u-4(f)(7)(B) and the agreement of the parties, any final verdict or judgment that might be obtained by or on behalf of the Class or any member of the Class against any person or entity for loss for which such person or entity and any Released Party are found to be jointly liable shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of any such Released Party for common damages or (ii) the amount paid to the Class or any member of the Class by or on behalf of each such Released Party for common damages.

13. Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any Released Party arising under any federal, state, or foreign statutory or common-law rule, contract, or otherwise, however styled, whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any member of the Class, including, without limitation, any claim in which a person or entity seeks to recover from any of the Released Parties (i) any amounts such person or entity has or might become liable to pay to the Class or any member of the Class and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the

Class or any member of the Class. All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this paragraph are intended to preclude any liability of any of the Released Parties to any person or entity for indemnification, contribution, or otherwise on any claim that is or arises from a Released Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any member of the Class; provided, however, that if the Class or any member of the Class obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Claim for which such person or entity and any of the Released Parties are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to the percentage of responsibility of any such Released Party for common damages or (ii) the amount paid to the Class or any member of the Class by or on behalf of each such Released Party for common damages.

14. Each and every Released Party is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any other person or entity arising under any federal, state, or foreign statutory or common-law rule, contract, or otherwise, however styled, whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Released Party arises from that Released Party's alleged liability to the Class or any member of the Class, including, without limitation, any claim in which any Released Party seeks to recover from any person or entity, including another Released Party, (i) any amounts any such Released Party has or might become liable to pay to the Class or any member of the Class and/or (ii) any costs, expenses, or

attorneys' fees from defending any claim by the Class or any member of the Class. All such claims are hereby extinguished, discharged, satisfied and unenforceable.

15. Notwithstanding anything stated herein, if any person or entity (for purposes of this paragraph a "petitioner") commences against any of the Released Parties any action either (i) asserting a claim that is or arises from a Released Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any member of the Class or (ii) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this paragraph or is otherwise not barred by the complete bar order, this final judgment shall not bar claims by that Released Party against (a) the petitioner, (b) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose claims the petitioner has succeeded, and (c) any person or entity that participated with any of the preceding persons or entities described in items (a) and (b) of this paragraph in connection with the assertion of the claim brought against the Released Party; provided, however, that this final judgment shall not bar or enjoin the Class or any member of the Class from bringing any and all claims against any non-Released Party; provided, further, that nothing in this final judgment shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Stipulation.

16. Nothing herein shall release, interfere with, limit, or bar the assertion by Isolagen or any Individual Defendant of any claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage or for the payment of attorneys' fees and costs under any contract or other right respecting the conduct at issue in the Litigation or arising

from Isolagen's or any Individual Defendant's alleged liability to the Class or any member of the Class.

17. Neither this Final Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative proceeding in any court, administrative agency or other tribunal. The Released Parties may file the Stipulation and/or this Final Judgment in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense or counterclaim.

18. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Plan of Allocation.

19. The Court finds that all parties and their counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

20. Any notice and administrative expenses not heretofore paid or provided for shall be paid out of the Settlement Fund, without further order of the Court, but subject to Court review.

21. Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing exclusive jurisdiction over the parties and the Settlement Class Members for

all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Settlement Class.

22. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: *March 24, 2009*

ENTERED:

_____
THE HON. RONALD L. BUCKWALTER, U.S.D.J.

# 319677.13

3-24-09 (DT)
COPY GIVEN IN COURT
TO: S. SINGER, ESQ
J. GOLAN, ESQ
T. PRESS, ESQ